AO 245B (Rev 8/96) Sheet 1- Judgment in a Criminal Case

# United States District Court

Eastern District of Missouri

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| v | (For Offenses Committed On or After November 1, 1987) |
| RICHARD K. SCHMIT | Case Number: 4:01CR56ERW and 4:01CR279ERW |
| | Kevin Curran |
| | Defendant's Attorney |

THE DEFENDANT:

☒ pleaded guilty to count(s)  V of the indictment on 4/23/01, Cause #4 01CR56ERW and to Count I of Cause #4 01CR279ERW on 6/19/01 to the 1 count information

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty

FILED
JUL 23 2001
U.S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18:2251(a) (4:01CR56ERW) | Production of Child Pornography | August 2000 | Count V |
| 18:2252A(a)(5)(B) (4:01CR279ERW) | Possession of Child Pornography | January 2001 | Count I |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) 1-4 and 6-8 in cause #4:01CR56ERW  are  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendants Soc. Sec. No.: 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
Defendant's Date of Birth: March 2, 1957
Defendant's USM No: 24396-018
Defendant's Residence Address:
C/O Laura Schmit
4222 Parkside Drive
Orlando, Florida 32812

Defendant's Mailing Address
Same As Above

July 20, 2001
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

E. Richard Webber, U.S. District Judge
Name & Title of Judicial Officer

_____
Date

Record No: 74

#27

Judgment-Page 2 of 7

DEFENDANT: RICHARD K. SCHMIT

CASE NUMBER: 4:01CR56ERW and 4:01CR279ERW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 Months

This term consists of 120 Months as to Count V in cause #4:01CR56ERW and 60 Months as to the I Count information in Cause #4:01CR279ERW to run concurrently for an aggregate term of imprisonment of 120 Months

[X] The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in the institution located in Coleman, Florida.

While in the custody of the Bureau of Prisons, it is recommended that the defendant be evaluated for participation in the sex offender treatment and counseling program and receive treatment if eligible.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

   [ ] at _____ a.m./pm on _____
   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2 p.m. on _____
   [ ] as notified by the United States Marshal
   [ ] as notified by the Probation or Pretrial Services Office

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U S Marshal

Judgment-Page __3__ of __7__

DEFENDANT: RICHARD K. SCHMIT

CASE NUMBER: 4:01CR56ERW and 4:01CR279ERW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 YEARS__

This term consists of a three years on count five of the Indictment No. 4:01CR56ERW, and a term of three years on count one of Information No. 4:01CR279ERW , all such terms to run concurrently.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment-Page __4__ of __7__

DEFENDANT:   RICHARD K. SCHMIT

CASE NUMBER:  4:01CR56ERW and 4:01CR279ERW

# ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.

The defendant shall comply with all federal, state, and local sex offender registration laws and provide verification of registration to the probation officer.

The defendant shall pay the costs of any counseling for the victim of the instant offense, should counseling be pursued at a later date.

The defendant shall participate in sex offender and/or mental health treatment as directed by the probation officer including submission to a risk assessment and psychological testing. The defendant shall contribute to the cost of treatment in an amount to be determined by the probation officer. Sex offender assessment treatment is to be conducted by a therapist approved in advance by the probation officer.

The defendant shall be prohibited from contact with children under the age of 18 without the prior written permission of the probation officer and shall report to the probation officer immediately, no in no event later than 24 hours, any unauthorized contact with children under the age of 18.

The defendant shall be prohibited from engaging in any occupation, business, or profession where he has access to children under the age of 18 without prior written approval of the probation officer.

The defendant shall not loiter within 100 feet of schools, parks, playgrounds, arcades, or other places frequented by children under the age of 18.

The defendant shall not enter the premises or loiter near where the victim resides, is employed or frequents, except under circumstances approved in advance and in writing by the probation officer.

The defendant shall not possess stimulating or sexually oriented material as deemed inappropriate by the probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.

The defendant shall not subscribe to or use any Internet service without first receiving written permission of the probation officer.

The defendant shall not purchase or maintain a post office box or any other type of private mail box without written approval of the probation officer.

The defendant shall not possess or use a computer or any audio/visual recording or producing equipment, except with the prior approval of the probation officer.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition.

Judgment-Page 5 of 7

DEFENDANT: RICHARD K. SCHMIT
CASE NUMBER: 4:01CR56ERW and 4:01CR279ERW

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Count #5 (4 01Cr56ERW) | $100.00 | | $1,407.30 |
| Count #1 (4:01cr279ERW) | $100.00 | | $1,407.30 |
| Totals: | $200.00 | | $1,407.30 |

☐ If applicable, restitution amount ordered pursuant to plea agreement ..... ................. _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment-Page __6__ of __7__

DEFENDANT: RICHARD K. SCHMIT

CASE NUMBER: 4:01CR56ERW and 4:01CR279ERW

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or   for special assessment of $200.00 for both case numbers.

B ☐ _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ , or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ installments of _____ over a period of _____ to commence _____ after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**The defendant shall make restitution to the minor victim of the instant offense, whose name and address is being maintained by the Office of the U.S. Attorney, in the amount of $1,407.30 as a total for above two cause numbers. Payments toward the restitution are to commence immediately and are to be made to the Clerk of the Court for transfer to the victim in the amount of $50 per month, except while defendant is incarcerated, he shall pay no more than 10% from his earnings in prison, provided further, this limitation shall not apply to other sources of income or assets. The defendant shall notify the U.S. Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the sum remains unpaid.**

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Judgment-Page **7** of **7**

DEFENDANT: RICHARD K. SCHMIT

CASE NUMBER: 4:01CR56ERW and 4:01CR279ERW

# STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

## OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

Guideline Range Determined by the Court:

Total Offense Level: 28

Criminal History Category: I

Imprisonment Range: 78 to 97 months  *mandatory minimum sentence of 120 Months

Supervised Release Range: _____ to _____ years

Fine Range: _____ to _____

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

UNITED STATES DISTRICT COURT   EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 07/23/01 by cliddy
          4:01cr56     USA vs Schmit

COPIES FAXED AND/OR MAILED TO THE PARTIES LISTED BELOW AND THE
UNITED STATES PROBATION OFFICE AND UNITED STATES PRETRIAL SERVICE OFFICE.
IF THIS IS A JUDGMENT IN A CRIMINAL CASE SEND CERTIFIED COPIES TO THE
FOLLOWING:    4 Certified Copies to USM
              2 Certified Copies to USP
              1 Copy to Financial
              1 Copy to O.S.U.

Kevin Curran -                          Fax: 314-421-3177
Kymberly Smith -                        Fax: 314-539-7695

SCANNED & FAXED BY:

JUL 23 2001

**MJM**